IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

VIRGINIA CLARE BEEMER,

     Plaintiff,

v.

SOUTHERN CONCRETE
MATERIALS, INC.

     Defendant.

**<u>NOTICE OF REMOVAL</u>**

# EXHIBIT A

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No. 22 CNS 874

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>VIRGINIA CLARE BEEMER | |
| **Address**<br>c/o: 15720 Brixham Hill Ave., Ste. 300 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **City, State, Zip**<br>Charlotte, NC 28277 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| **Name Of Defendant(s)**<br>SOUTHERN CONCRETE MATERIALS, INC. | **Date Original Summons Issued** |
| | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| **Name And Address Of Defendant 1**<br>Southern Concrete Materials, Inc.<br>c/o: J.V. Goodman, Registered Agent<br>Post Office Box 1040<br>Salisbury, NC 28145 | **Name And Address Of Defendant 2** |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**<br>Jenny L. Sharpe, Esq.<br>J Sharpe, PLLC<br>15720 Brixham Hill Ave., Ste. 300<br>Charlotte, NC 28277 | **Date Issued** 1.18.22  **Time** 1-35  ☐ AM ☒ PM |
| | **Signature** |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement**  **Time**  ☐ AM ☐ PM |
| | **Signature** |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM   ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM   ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

MECKLENBURG ___ County    **FILED**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

*Name And Address Of Plaintiff 1*
VIRGINIA CLARE BEEMER
c/o: J Sharpe, PLLC
15720 Brixham Hill Ave., Ste. 300
Charlotte, NC 28277

2022 JAN 18 ☐ 1: 34

MECKLENBURG CO. C.S.C

BY _____

**GENERAL
CIVIL ACTION COVER SHEET**

☒ INITIAL FILING    ☐ SUBSEQUENT FILING

*Name And Address Of Plaintiff 2*

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

*Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)*

*Name And Address Of Defendant 1*
SOUTHERN CONCRETE MATERIALS, INC.
c/o: Post Office Box 1040
Salisbury, NC 28145

Jenny L. Sharpe, Esq.
15720 Brixham Hill Ave., Ste. 300
Charlotte, NC 28277

| *Summons Submitted* ☐ Yes ☐ No | *Telephone No.* 704-944-3272 | *Cellular Telephone No.* 704-858-2581 |
|---|---|---|

*Name And Address Of Defendant 2*

| *NC Attorney Bar No.* 13698 | *Attorney Email Address* sharpeattorney@gmail.com |
|---|---|

☒ Initial Appearance in Case   ☐ Change of Address

| *Name Of Firm* J Sharpe, PLLC | *Fax No.* 704-944-3201 |
|---|---|

*Counsel For*
☒ All Plaintiffs   ☐ All Defendants   ☐ Only: *(list party(ies) represented)*

*Summons Submitted* ☐ Yes ☐ No

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) *(see Note)*
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | |
|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) |
| ☐ Appointment Of Receiver (APRC) | ☐ Medical Malpractice (MDML) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Minor Settlement (MSTL) |
| ☐ Claim And Delivery (CLMD) | ☐ Money Owed (MNYO) |
| ☐ Collection On Account (ACCT) | ☐ Negligence - Motor Vehicle (MVNG) |
| ☐ Condemnation (CNDM) | ☐ Negligence - Other (NEGO) |
| ☐ Contract (CNTR) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Possession Of Personal Property (POPP) |
| ☐ Injunction (INJU) | |

☐ Product Liability (PROD)
☐ Real Property (RLPR)
☐ Specific Performance (SPPR)
☒ Other *(specify and list each separately)*
Violation of 42 U.S.C. 2000e, et seq.
(Title VII) and state wrongful discharge

| *Date* | *Signature Of Attorney/Party* |
|---|---|
| 1/19/2022 | *Jenny h. Sharpe* |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

| |
|---|
| |
| |
| |

*Defendant(s) Against Whom Crossclaim Asserted*

| |
|---|
| |
| |
| |

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22-CVS-874

FILED
2022 JAN 18 ☐ 1: 35
MECKLENBURG CO. C.S.C
BY

VIRGINIA CLARE BEEMER,

    Plaintiff,

v.

SOUTHERN CONCRETE
MATERIALS, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiff, Virginia Clare Beemer, being duly sworn, and complaining of the

Defendant, avers and says the following:

## I.
## NATURE OF ACTION

This civil action arises from violations of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter referred to as "Title VII") and state law. The

Plaintiff, Ms. Beemer, alleges that the Defendant, Southern Concrete Materials, Inc., subjected

her to unmitigated sexual harassment and disparate treatment based upon her sex and,

subsequently, terminated her employment as dispatcher at its Charlotte, North Carolina facility

on October 14, 2020, because of her sex in violation of Title VII and in violation of the state

public policies set forth in N.C. Gen. Stat. §143-422.1. In addition, Ms. Beemer contends that

Defendant terminated her employment because of sex and/or in retaliation for her protected

opposition to the sexually hostile working environment to which she was subjected in violation

of Title VII and the state public policies set forth in N.C. Gen. Stat. §143-422.1. Ms. Beemer

1

seeks appropriate equitable and monetary relief in the form of present and future lost wages, compensatory damages for emotional distress, and punitive damages as provided by federal and state law.

## II.
## JURISDICTIONAL STATEMENT& PARTIES

1.    The Plaintiff is an adult citizen and resident of Mecklenburg County, North Carolina. At all times relevant to this Complaint, Plaintiff was employed by the Defendant and worked in Mecklenburg County, North Carolina at Defendant's facility located at 715 State Street, Charlotte, North Carolina.

2.    The Defendant, Southern Concrete Materials, Inc., was, and continues to be a North Carolina company authorized to conduct and is conducting business within the State of North Carolina. Defendant is a manufacturer of ready-mix concrete and concrete products. Defendant maintains plant facilities and offices throughout North Carolina and western Georgia.

3.    At all times relevant herein, the Defendant is, and continues to be an "employer" under federal and state law in that it is engaged in commerce and/or an activity or industry affecting commerce and employs fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in this the current and/or preceding calendar year.

4.    This Court has jurisdiction over the parties and the subject matter of this Complaint. Venue in the Superior Court of Mecklenburg County is proper pursuant to N.C. Gen. Stat. § 1-82.

5.    All procedural prerequisites to the institution of this action have been fulfilled.

2

# III.
## STATEMENT OF FACTS

6.  Defendant hired Ms. Beemer on or about September 7, 2017, to work in its Charlotte, North Carolina facility as a dispatcher. At the time of her employment, Ms. Beemer was the only female dispatcher in Defendant's Eastern Division and the first woman to be employed by Defendant in its Plant Operations.

7.  Since beginning her employment with Defendant, Ms. Beemer reported to Aaron Barnes, dispatch manager, and worked with three male dispatchers, Randy Beard, Sidney Phillips, and Justus Turner in a small office space. When she began her employment, Defendant maintained no dedicated restroom facilities for women at Ms. Beemer's worksite.

8.  At all times relevant to this Complaint, Defendant subjected Ms. Beemer to a sexually hostile and retaliatory working environment. In response to Ms. Beemer's repeated complaints, Defendant consistently failed to enforce its workplace policies, failed to take effective disciplinary action against her male co-workers and supervisors, and failed to ensure that Ms. Beemer's working environment was both safe and free from the sexually hostile behaviors about which she complained.

9.  In early 2018, for example, Mr. Barnes – Ms. Beemer's immediate supervisor – asked Ms. Beemer whether either she or her mother had had any "black" in them, meaning whether either of them had had sex with black men. Mr. Barnes then proceeded to tell Ms. Beemer that he was going to become Ms. Beemer's stepfather and sneak into a window at Ms. Beemer's mother's house. On another occasion in 2018, Mr. Barnes and Mr. Beard asked Ms. Beemer whether she carried a sex toy in her purse.

3

10.     Mr. Barnes also kept a sanitary pad in his desk drawer with the word, "Pussy," written on it. Mr. Barnes would - often in Ms. Beemer's presence - pull the sanitary pad out and hold it up in order to belittle or intimidate Defendant's employees.

11.     Soon after Ms. Beemer began her employment she observed Mr. Barnes, Mr. Beard, Mr. Phillips, and Mr. Turner use the company's computers on a daily basis to pull up the mug shots of individuals arrested in Mecklenburg County. With regard to these inmate mug shots, Mr. Barnes, Mr. Beard, Mr. Phillips, and Mr. Turner made derogatory sexual comments about the female inmates in Ms. Beemer's presence.

12.     The male truck drivers also participated in the creation of a sexually hostile working environment for Ms. Beemer. Several male drivers called Ms. Beemer "baby girl" even after she repeatedly told them not to do so. Another male driver repeatedly attempted to hug Ms. Beemer or place his hands on her body without her consent and asked her for sexual favors. Ms. Beemer refused these sexual advances.

13.     Ms. Beemer lodged a first internal complaint of sexual harassment in February, 2018 with Defendant's Human Resources Manager, Doris Williams. Initially, Ms. Beemer asked to remain anonymous fearing retaliation. After seeing no improvement in her working environment, Ms. Beemer lodged a second complaint with Ms. Williams and advised her that nothing had changed. In response to this second complaint, several meetings were held with Ms. Beemer, Mr. Barnes, and Mr. Beard. Mr. Barnes later attempted to apologize to Ms. Beemer by telling her he was "just joking" and/or "just making a funny." Mr. Beard and Mr. Phillips, however, never apologized to Ms. Beemer for their misconduct and remained hostile toward Ms. Beemer for the remainder of her employment with Defendant.

4

14.     During late April 2019, one of the male truck drivers attempted to physically assault Ms.

Beemer while she was sitting at her desk. Prior to this incident, Mr. Barnes told the truck driver

to go home for the day – a fact about which Ms. Beemer had not been made aware. Not knowing

that Mr. Barnes sent the driver home, Ms. Beemer attempted to dispatch the driver.  In response

to her call, the driver told Ms. Beemer that he was going home. Ms. Beemer replied "fine" and

stated she would find someone else to cover the job.  Immediately after this discussion, the truck

driver came up to the driver's window near Ms. Beemer's office and began to yell at her, angrily

stating she never should have put him on dispatch.  Subsequently, the driver started to enter the

door to Ms. Beemer's office, at which point Mr. Barnes grabbed the driver by his shirt and

advised him that "he [the driver] did not want to do that." The truck driver continued to rant as

he was taken downstairs away from Ms. Beemer's office.  Once downstairs, the driver continued

to rage, throwing chairs in the driver's room. The driver was ultimately escorted off the property.

15.     Ms. Beemer reported the incident immediately to Robert Verdin, Defendant's Operations

Manager.  Despite the fact that Ms. Beemer told Mr. Verdin that she was afraid of the driver and

feared that the driver might physically assault her, Mr. Verdin asked her whether she felt

comfortable working with the truck driver the next day.  In response, Ms. Beemer stated that she

did feel uncomfortable around the driver and did not want to work with him.  Mr. Verdin told the

driver not to come into work the next day and to stay home. However, the truck driver was not

disciplined nor was he fired.

16.     Despite her initial complaints, a sexually hostile working environment persisted at Ms.

Beemer's worksite. During May 2019, following Ms. Beemer's complaints to Ms. Williams

concerning sexually demeaning comments again made by Mr. Beard, as well as her complaint to

Mr. Verdin concerning the April 2019 incident with the truck driver, a meeting was held to

address Ms. Beemer's complaints. This meeting was attended by Ms. Beemer, Mr. Beard, Robert Verdin, and Ms. Williams. In this meeting Mr. Beard became angry and aggressive and called Ms. Beemer a "lying bitch." Neither Ms. Williams nor Mr. Verdin reprimanded Mr. Beard about his comment. Instead, Ms. Williams counseled Ms. Beemer that she should uncross her arms because her gesture could be perceived as "defensive."

17.     Following this meeting, Ms. Williams started to ignore Ms. Beemer's complaints about her working environment and how little it had improved. In fact, by 2020, Ms. Beemer's working environment had deteriorated into a workplace permeated by overt misogyny, sexual innuendo, sexism, and retaliation

18.     In January 2020, truck driver Ronnie Hughes attempted to hug and place his hands on Ms. Beemer's body without her consent. Ms. Beemer complained about Mr. Hughes' conduct toward her to Mr. Barnes. Mr. Barnes told Ms. Beemer, "to handle it." Mr. Barnes took no disciplinary action against Mr. Hughes. On February 10, 2020, while Ms. Beemer was leaving work and walking by Mr. Hughes' truck, Mr. Hughes offered to "get in bed" with Ms. Beemer for Valentine's Day. Ms. Beemer told Mr. Hughes, "no."

19.     On February 17, 2020, Mr. Beard confronted Ms. Beemer when she arrived at work and accused her of not liking him. Ms. Beemer responded by commenting that Mr. Beard knew why she did not like him. Mr. Beard retorted, "bullshit; you don't have any reason not to like me."

20.     On March 26, 2020, while Ms. Beemer was getting out of her car, Mr. Hughes and another driver, Leroy McVay yelled out, "Hey baby girl" and stated that Mr. Hughes just told him that she was his [Hughes'] "girl." Subsequently, on March 27, 2020, Mr. Hughes approached Ms. Beemer again as she was leaving work and asked whether he could go with her

6

to her house. Ms. Beemer responded by reminding Mr. Hughes that he is married and that he needed to go home to his wife. Ms. Beemer left work.

21.     Ms. Beemer complained to Mr. Barnes regarding the conduct of Mr. Beard, Mr. Hughes, and Mr. McVay, as well as to Mr. Verdin and David Grossman, Vice-President of Defendant's Eastern Division. Ms. Beemer's complaints were ignored, and no effective disciplinary action was taken by Defendant management in response to her complaints of sexual harassment.

22.     On April 29, 2020, Ms. Beemer filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission, styled, *"Virginia C. Beemer v. Southern Concrete Materials, Inc.,"* EEOC Charge No. 430-2020-01862. In that charge, Ms. Beemer alleged that Defendant subjected her to a sexually hostile and retaliatory working environment, as well as disparate treatment because of her sex in violation of Title VII. A copy of Ms. Beemer's first charge of discrimination is attached hereto as "**Exhibit A**."

23.     On June 2, 2020, Ms. Beemer's legal counsel notified Defendant of her representation of Ms. Beemer and requested that Defendant place a "litigation hold" on all documents related to her complaints of sexual harassment.

24.     Subsequently, on July 13, 2020, Mr. Beard, one of the individuals about whom Ms. Beemer had complained created a sexually hostile working environment, threatened her with physical harm. On this occasion, Mr. Beard was working at another facility and had become hostile to Ms. Beemer while communicating with her by email. Following his interaction with Ms. Beemer, Mr. Beard called Mr. Barnes. Mr. Barnes had Mr. Beard on speaker so that Ms. Beemer could hear their conversation. In Ms. Beemer's presence, Mr. Beard told Mr. Barnes more than once that he [Mr. Beard] was going to come to her worksite and that he intended to "kick [Ms. Beemer's] ass." Despite Defendant's policies prohibiting workplace violence, Mr.

7

Barnes did not admonish, reprimand, or suspend Mr. Beard. Based upon information and belief, Mr. Beard remains an employee of Defendant.

25.     Immediately following this incident, Ms. Beemer attempted to contact both Mr. Verdin and Mr. Grossman by phone and by text. Neither answered Ms. Beemer's phone call nor responded to her text messaging. Fearing for her personal safety, Ms. Beemer called the Mecklenburg County Police Department and subsequently filed a criminal complaint against Mr. Beard.

26.     On July 13, 2020, Ms. Beemer's attorney contacted counsel for Defendant via email requesting that Defendant take prompt and effective remedial action to ensure Ms. Beemer's safety.

27.     The following day, on July 14, 2020, Defendant issued a written warning to Ms. Beemer for contacting the police to investigate Mr. Beard's misconduct and for allegedly "creating a hostile working environment and engaging in behavior not in the scope" of her job. Ms. Beemer denied and continues to deny this allegation.

28.     Subsequently, during late July, 2020, Mr. Hughes made another sexual advance toward Ms. Beemer requesting that they go swimming together and then "go to bed" together. Ms. Beemer again refused this request to which Mr. Hughes responded by asking her whether she had written down everything he had said to her and given it to her attorney.

29.     On October 14, 2020 – roughly 3 months after Mr. Beard threatened to harm Ms. Beemer – Defendant terminated Ms. Beemer's employment for alleged "rudeness to customers/co-workers" and for allegedly creating a "hostile working environment." Ms. Beemer denied and continues to deny these allegations and contends that Defendant's reasons for terminating her

8

employment are a pretext for purposeful sex discrimination and constitute retaliation for activity protected by federal law.

30.     On November 24, 2020, Ms. Beemer filed a second charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission, styled, *"Virginia C. Beemer v. Southern Concrete Materials, Inc.,"* EEOC Charge No. 430-2021-00108. In that charge, Ms. Beemer alleged that Defendant subjected her to a sexually hostile and retaliatory working environment and that it terminated her employment because of her sex and in retaliation for her protected activity in violation of Title VII. A copy of Ms. Beemer's second charge of discrimination is attached hereto as "**Exhibit B**."

31.     Following the termination of her employment, Defendant replaced Ms. Beemer's with a male employee, Bryson McCarthy.

32.     Defendant subjected Ms. Beemer to disparate treatment in the terms and conditions of her employment and terminated her employment because of her sex. Defendant also terminated Ms. Beemer's employment because of her reasonable opposition to workplace sexual harassment and her participation in activities protected by Title VII.

33.     As a result of the termination of her employment, Ms. Beemer has remained unemployed despite her efforts to locate and obtain alternate employment.

34.     As a further result of the termination of her employment, Ms. Beemer suffers from anxiety, depression, and a loss of self-worth and professional standing.

35.     On October 27, 2021, the EEOC issued a Dismissal and Notice of Rights to Ms. Beemer in connection with EEOC Charge Nos. 430-2020-01862 and 430-2021-00108. Copies of the EEOC's Dismissal and Notice of Rights for Ms. Beemer's charges of discrimination are attached hereto as "**Exhibit C**."

9

## FIRST CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 2000e, *et seq.* - Sexual Harassment/Sex Discrimination)

36. Ms. Beemer realleges and incorporates by reference herein Paragraphs 1 through 35 of this Complaint.

37. Defendant subjected Ms. Beemer to disparate treatment by disciplining her more harshly than similarly situated male employees and by terminating her employment because of her sex in violation of Title VII. Ms. Beemer is a member of a class protected by Section Title VII and she was meeting the reasonable expectations of her employer as a dispatcher. Further, at the time of her discharge, male employees engaged in alleged misconduct that was comparable in seriousness to and/or worse than the allegations lodged against her (allegations which she denies). These male employees were retained and not discharged.

38. In addition, Defendant maintained and subjected Ms. Beemer to a sexually hostile working environment. The sexual comments and sexual advances made by her supervisor and co-workers were made toward Ms. Beemer because of her sex. The sexual comments and sexual advances which permeated Ms. Beemer's working environment were unwelcome and they were severe and/or pervasive and had the effect of creating a hostile and/or abusive working environment for her.

39. Ms. Beemer's complaints regarding the sexually hostile working environment were ignored by Defendant. In response to Ms. Beemer's complaints, Defendant failed to take prompt, consistent, and effective remedial action and failed to ensure that the sex discrimination and sexual harassment which she endured would not recur.

10

40.  Defendant's explanation for its decisions to discipline Ms. Beemer and to terminate her employment is a pretext for purposeful sex discrimination and/or retaliation.

41.  As a direct and proximate result of Defendant's acts and omissions, Ms. Beemer suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Ms. Beemer has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression. Accordingly, Ms. Beemer is entitled to have and to recover of Defendant back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

42.  Defendant's acts and omissions were willful and intentional and have been committed with malice and/or a reckless indifference to Ms. Beemer's federally protected rights. Accordingly, Ms. Beemer is entitled to have and to recover of Defendant punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 2000e, *et seq.* - Retaliation)

43.  Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 42 of this Complaint.

44.  Ms. Beemer opposed the sexually hostile working environment to which she was subjected by lodging complaints with Defendant's Human Resources Manager and by lodging complaints to her immediate supervisor, to Defendant's Operations Manager and to Defendant's Vice-President. Additionally, Ms. Beemer participated in an activity explicitly protected by Title VII by filing a charge of sex discrimination with the U.S. Equal Employment Opportunity Commission on April 29, 2020.

11

45.     At the time she filed her initial charge of discrimination and throughout her employment, Ms. Beemer met or was meeting the reasonable expectations of her employer as a dispatcher.

46.     Defendant maintained and subjected Ms. Beemer to a retaliatory working environment and further subjected her to disparate treatment by disciplining her more harshly than similarly situated male employees. Further, Defendant retained employees who had not engaged in protected activities but who engaged in alleged misconduct that was comparable in seriousness to and/or worse than the allegations lodged against Ms. Beemer (allegations which she denies). Ultimately, Defendant terminated Ms. Beemer's employment in whole or in part in retaliation for her reasonable opposition to unlawful employment practices and in retaliation for her participation in activities protected by Title VII.

47.     Defendant's explanation for its decisions to discipline Ms. Beemer and to terminate her employment is a pretext for purposeful retaliation.

48.     Defendant's acts and omissions were intended to dissuade any reasonable employee from opposing its unlawful employment practices and/or from participating in protected activities, such as filing internal or external complaints of sexual harassment or sex discrimination.

49.     As a direct and proximate result of Defendant's acts and omissions, Ms. Beemer suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Ms. Beemer has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression. Accordingly, Ms. Beemer is entitled to have and to recover of Defendant back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

50.     Defendant's acts and omissions were willful and intentional and have been committed

with malice and/or a reckless indifference to Ms. Beemer's federally protected rights.

Accordingly, Ms. Beemer is entitled to have and to recover of Defendant punitive damages in

excess of Twenty-Five Thousand Dollars ($25,000.00).

**THIRD CLAIM FOR RELIEF**
**( Wrongful Discharge in Violation of State Public Policy – N.C. Equal Employment**
**Practices Act, N.C. Gen. Stat. § 143-422.1)**

51.     Ms. Beemer realleges and incorporates by reference herein Paragraphs 1 through 50 of this

Complaint.

52.     The North Carolina Equal Employment Practices Act provides that "It is the public policy

of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and

hold employment without discrimination or abridgement on account of . . . sex . . . by employers

which regularly employ 15 or more employees." *N.C. Gen. Stat. §143-422.1.*

53.     Defendant subjected Ms. Beemer to disparate terms and conditions of employment and

terminated her employment in whole or in part because of her sex.

54.     The termination of Ms. Beemer's employment by the Defendant constitutes a wrongful

discharge in violation of North Carolina public policy.

55.     As a direct and proximate result of Defendant's actions, Ms. Beemer suffers, and

continues to suffer present and future pecuniary losses, including, but not limited to loss of

wages and other benefits. In addition, Ms. Beemer has sustained, as a direct and proximate result

of Defendant's actions, damages in the form of emotional distress, including, but not limited to

humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and

depression. Accordingly, Ms. Beemer is entitled to have and to recover of Defendant back pay,

13

front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

56.     Defendant's acts were willful and intentional and have been committed with malice and/or a reckless indifference to Ms. Beemer's state-protected rights. Accordingly, Ms. Beemer is entitled to have and to recover of Defendant punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, Virginia Clare Beemer, respectfully requests the Court to:

A.  Enter judgment in her favor and grant a permanent injunction enjoining the Defendant from engaging in unlawful employment practices because of sex or in retaliation for protected activity, including those practices which violate 42 U.S.C. § 2000e, *et seq.* and the public policies of the State of North Carolina.

B.  Order the Defendant to make Ms. Beemer whole by providing her with equitable relief and monetary damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for the loss of present and future lost wages and other benefits, as well as for her emotional distress, anxiety, and humiliation caused by the acts of the Defendant.

C.  Order the Defendant to pay to Ms. Beemer punitive damages as provided by federal and state  law in amounts to be proved at trial exceeding Twenty-Five Thousand Dollars ($25,000.00).

D.  Award Ms. Beemer her reasonable costs and attorney's fees incurred in this action as provided by federal and state law.

E.  Grant such further and different relief to Ms. Beemer as the Court deems necessary and proper under the circumstances.

14

## JURY TRIAL DEMANDED

The Plaintiff, Virginia Clare Beemer, demands a jury trial regarding the matters alleged herein.

This the 18th day of January, 2022.

Jenny L. Sharpe, Esq.
Attorney for Plaintiff
N.C. State Bar No. 13698

**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC  28277
Telephone: (704) 944-3272
Facsimile:  (704) 944-3201
Email: sharpeattorney@gmail.com

15

STATE OF NORTH CAROLINA        )
                                )        <u>VERIFICATION</u>
MECKLENBURG COUNTY              )
                                )
_____)

The undersigned, VIRGINIA CLARE BEEMER, being duly sworn, deposes and says:

She is the Plaintiff in the foregoing civil action; that she has read the Complaint filed in this action; that the allegations contained in that document are true and are based upon her own knowledge and belief; and as to those matters and things stated in her Complaint upon information and belief, she believes them to be true.

This the _10th_ day of January, 2022.

_____
VIRGINIA CLARE BEEMER

Sworn to and subscribed before me
this the _10th_ day of _January_, 2022.

_____
Notary Public

My commission expires: _April 25, 2026_

ANDRIA STATON
NOTARY PUBLIC
Mecklenburg County
State of North Carolina
My Comm. Expires April 25, 2026

<u>Beemer v. Southern Concrete Materials, Inc.</u>

EXHIBIT A

**CHARGE OF DISCRIMINATION**
This form is affected by the Privacy Act of 1974; see Privacy Act
Statement on reverse before completing this form.

ENTER CHARGE NUMBER
☐ FEPA
☒ EEOC    430-2020-01862

| NAME (Indicate Mr., Ms., or Mrs.)<br>**VIRGINIA C. BEEMER** | HOME TELEPHONE NO. (Include Area Code)<br>**(980) 254-8287** | DATE OF BIRTH<br>**06/01/1966** |
|---|---|---|
| STREET ADDRESS<br>**2126 ROCKY FALLS LANE** | CITY, STATE AND ZIP CODE<br>**GASTONIA, NC 28054** | COUNTY<br>**GASTON** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>**SOUTHERN CONCRETE**<br>**MATERIALS, INC.** | NO. OF EMPLOYEES/MEMBERS<br>**200+** | TELEPHONE NUMBER (Include Area Code)<br>**(704) 394-2344** |
|---|---|---|
| STREET ADDRESS<br>**715 STATE STREET** | CITY, STATE AND ZIP CODE<br>**CHARLOTTE, NC 28208** | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ AGE  ☒ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING
DISCRIMINATION TOOK
PLACE: **11/01/2019 and continuing**
(Month, day, year)

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):
Please see attachment to charge of discrimination.

*RECEIVED By*
*EEOC*
*4/29/2020*

I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone
number and I will cooperate fully with them in the processing
of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it
is true to the best of my knowledge, information and beliefs.

I declare under penalty of perjury that the foregoing is true
and correct.

SIGNATURE OF COMPLAINANT

*[signature]*   4/24/2020

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month and year)

VIRGINIA C. BEEMER
Date        Charging Party Signature

1

1. I am a citizen and resident of Gaston County, North Carolina. My date of birth is June 1, 1966.

2. I have been employed by the Respondent since September 7, 2017 to work in its Charlotte, North Carolina facility as a dispatcher. My immediate supervisor is Aaron Barnes, Dispatch Manager. I work with two other male dispatchers, Randy Beard and Justus Turner in a small office space. I am the only female dispatcher within Respondent's Eastern Division and I am the first women to be hired in Plant Operations. I am one of just a few female employees who work for Respondent.

3. Since beginning my employment with Respondent, I have been subjected to a sexually-hostile working environment. This has generally taken the form of comments of a sexual nature, as well as derogatory comments about women in general. For example, in early 2018, Mr. Barnes asked me whether I or my mother had had "any black" inside us and then proceeded to tell me that he was going to become my stepfather. On another occasion, in 2018, Mr. Barnes and Mr. Beard asked me if I carried a strap-on in my purse. Additionally, Mr. Barnes kept a sanitary pad in his desk drawer with the word, "Pussy," written on it. Mr. Barnes would pull the sanitary pad out and hold it up to drivers in my presence in order to intimidate or belittle them. I have attached a photograph to this charge as "CP Ex. 1."

4. I made an internal complaint to Respondent's human resources manager, Doris Williams, about the sexually hostile working environment in February, 2018. At that time, I asked that my complaint remain anonymous. Subsequently, I went back to Ms. Williams in late March/early April, 2018 and told her that nothing had changed. A meeting was conducted with Ms. Williams and David Grossman, VP-Eastern Division and me. During this meeting, Mr. Grossman apologized and stated that he "would hate for this to happen to his wife or daughters." A meeting also was held with Mr. Barnes and Mr. Beard. While Mr. Barnes later apologized, he stated that he was "just making a funny." Mr. Beard never apologized and has remained very hostile toward me.

5. Despite my initial complaint, the sexually hostile working environment has persisted and I have continued to complain. For instance, a meeting was conducted in May, 2019, by Ms. Williams, with me, Robert Verdin, Respondent's Operations Manager, and Mr. Beard. During this meeting Mr. Beard called me a "lying bitch." Neither Ms. Williams nor Mr. Verdin reprimanded Mr. Beard for his comment. Ms. Williams, however, told me to uncross my arms, stating this was a defensive gesture. She then asked me how I would feel if Mr. Beard never returned to work with Respondent. I responded by stating I did not want to harm Mr. Beard or any of my co-workers. Ms. Williams then asked Mr. Beard the same question and he responded by saying he did not know and would have to get back with her about that.

*RECEIVED By*
*EEOC*
*4/29/2020*

6. Despite my complaints and some action on the part of Respondent to improve my working environment, I am still being subjected to sexually harassing behaviors on the part of Mr. Beard and others. For example, Mr. Barnes, Mr. Beard, and Mr. Turner pull up Mecklenburg County Jail mugshots each day and make sexual comments in my presence about the female inmates. This is a behavior that has been on-going since at least 2018. Mr. Beard still will not speak to me very often, but when he does, he continues to make belittling comments about me. On February 17, 2020, upon arriving to work, Mr. Beard confronted me about not liking him. I told him that he knows why I do not like him, and he responded, "bullshit; you don't have any reason not to like me. You are a liar." I complained to Mr. Barnes about this confrontation with Mr. Beard. To my knowledge, my complaint was not escalated to Mr. Grossman or to Ms. Williams.

7. Another employee, Ronnie Hughes, tries to hug me or place his hands on me. He has been doing this since 2018. In January, 2020, I informed Mr. Barnes about Mr. Hughes' sexual advances toward me. Mr. Barnes told me "to handle it." On February 10, 2020, while I was leaving work and walking by Mr. Hughs's truck, Mr. Hughes offered to get into my bed for Valentine's Day. I told him "I don't think so," and said good-by. On another occasion, on March 26, 2020, while I was getting out of my car, Leroy McVay and Mr. Hughes were parked together side-by-side. As I walked past them, Mr. McVay yelled out, "Hey baby girl, good morning." I told him I was not his "baby girl." Mr. McVay has called me "baby girl" since I began my employment with Respondent. On this occasion, Mr. McVay laughed and stated that Mr. Hughes just said that I was "his girl" and that he could not call me "baby girl" anymore. I told both of them that I was no one's girl. On March 27, 2020, Mr. Hughes approached me and asked whether he could go wherever I was going and asked if he could come to my house. I told him no, reminded him that he is married, and told him that he needed to go home to his wife. I then left the area.

8. The conduct of both Mr. Beard, Mr. Barnes, Mr. McVay and Mr. Hughes is unwelcomed by me. I often work during evening shifts and I feel uncomfortable with the continuing hostility shown toward me by Mr. Beard and the sexual advances made by Mr. Hughes, Mr. McVay and Mr. Barnes. I work in a building that is not well-secured. In fact, during late April, 2019, a driver, Lonnie Murphy, attempted to attack me while I was at my desk. Mr. Barnes interceded and blocked Mr. Murphy before he could physically assault me. Mr. Barnes apparently told Mr. Murphy to go home and I had not been made aware of this fact. Mr. Murphy's threatening behavior was so great that he was escorted off the property and management refused to allow him to work the next day. Consequently, I have felt very concerned for my own personal safety.

*RECEIVED By*
*EEOC 4/29/2020*

3

9. I have continued to complain to Mr. Barnes about aforementioned conduct, as well as to Bobby Verdin, and to David Grossman. They continue to ignore my complaints. I have also attempted to contact Ms. Williams; however, she will not return my calls or emails. To my knowledge no disciplinary action has been taken to effectively remediate or to stop the sexually harassing conduct.

10. Based on the foregoing facts, I allege that Respondent has subjected me to a sexually hostile and retaliatory working environment and disparate treatment because of my sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

*RECEIVED By*
*EEOC 4/29/2020*

4

Beemer v. Southern Concrete Materials, Inc.

EXHIBIT B

**CHARGE OF DISCRIMINATION ENTER CHARGE NUMBER**
This form is affected by the Privacy Act of 1974; see Privacy Act
Statement on reverse before completing this form.

☐ FEPA
☒ EEOC
**430-2021-00108**

| NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) | DATE OF BIRTH |
|---|---|---|
| **VIRGINIA C. BEEMER** | (980) 259-8287 | 06/01/1966 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2126 ROCKY FALLS LANE | GASTONIA, NC 28054 | GASTON |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR
LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| SOUTHERN CONCRETE MATERIALS, INC. | 200+ | (704) 394-2344 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 715 STATE STREET | CHARLOTTE, NC 28208 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
CONTINUING
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ AGE ☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE MOST RECENT OR

DISCRIMINATION TOOK
PLACE: 10/15/2020
(Month, day, year)

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):
Please see attachment to charge of discrimination.

*RECEIVED By*
*EEOC*
*11/24/2020*

I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone
number and I will cooperate fully with them in the processing
of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true
and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

VIRGINIA C. BEEMER

Date        Charging Party Signature

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it
is true to the best of my knowledge, information and beliefs.

SIGNATURE OF COMPLAINANT

*Virginia C Beemer*

(Day, month and year)    11/19/2020

1

Case 3:22-cv-00069-RJC-DCK   Document 1-1   Filed 02/21/22   Page 28 of 37

*Attachment to Charge of Discrimination*
*VIRGINIA C. BEEMER v. SOUTHERN CONCRETE MATERIALS, INC.*
*EEOC Charge No.430-2021-00108*

1. I am a citizen and resident of Gaston County, North Carolina. My date of birth is June 1, 1966.

2. On or about April 24, 2020, I filed a charge of discrimination against the Respondent alleging that I had been subjected to a sexually hostile and retaliatory working environment. *(EEOC Charge No. 430-2020-01862)*

3. On June 2, 2020, my attorney notified Respondent of her representation of me and requested that a "litigation hold" be placed on all documents related to my complaints of sexual harassment. Subsequently, on July 13, 2020, Randy Beard, one of the individuals that had created a sexually hostile working environment for me, threatened to cause me bodily harm while speaking with our immediate supervisor, Aaron Barnes. Mr. Barnes had Mr. Beard on speaker at the time Mr. Beard threatened me so that I could hear what Mr. Beard said. Mr. Barnes did not, at the time of the threat, admonish Mr. Beard for his threat nor did he take immediate disciplinary action against him. Inasmuch as I believed that Mr. Beard's threat was credible and that he might cause me physical harm, I contacted the Mecklenburg Police Department and I have since taken out criminal summonses against Mr. Beard for communicating threats.

4. On July 13, 2020, my attorney sent an email to Respondent's attorney requesting that Respondent take prompt and effective measures to ensure my safety.

5. On July 14, 2020, I received a written warning from Respondent for allegedly "creating a hostile working environment and engaging in behavior not in the scope" of my job. I deny that this was the case.

6. Since filing my original charge of discrimination, Respondent has not taken effective action to address my complaints regarding the sexually hostile and retaliatory working environment that I have endured. For instance, during late July, 2020, Ronnie Hughes asked me whether he could go swimming with me and then get in my bed. I told him "no," to which he responded by asking me whether I had written down everything he had said and given it to my attorney. I referred to Mr. Hughes in my original charge of discrimination as one of the individuals who had been making unwelcome sexual advances toward me.

7. Respondent has retained all of the individuals about whom I complained in my original charge of discrimination. Despite the fact that Respondent has a zero-tolerance for workplace violence, including threats of physical violence, Mr. Beard remains employed by Respondent. To my knowledge, the male employees about whom I have previously complained have not been subject to any meaningful disciplinary action regarding their actions contrary to Respondent's

2

*RECEIVED By*
*EEOC 11/24/2020*

written employment policies.

   8.   Based upon the foregoing facts, I allege that Respondent subjected me to a sexually-hostile and retaliatory working environment and terminated my employment because of my sex and in retaliation for my protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

*RECEIVED By
EEOC 11/24/2020*

3

Beemer v. Southern Concrete Materials, Inc.

EXHIBIT C

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Virginia C. Beemer**
**1520 Newfound Hollow Drive**
**Charlotte, NC 28214**

From: **Charlotte District Office**
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **430-2021-00108** | **Courtney Lovett,**<br>**Investigator** | **(980) 296-1279** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Veronica D. Hough**
Digitally signed by Veronica D. Hough
Date: 2021.10.27 08:13:18 -04'00'

Enclosures(s)

**Thomas M. Colclough,**
**District Director**

(Date Issued)

cc:
**David Grossman**
**Regional Manager**
**SOUTHERN CONCRETE MATERIALS**
**35 MEADOW RD**
**Asheville, NC 28803**

**Jenny Sharpe**
**J SHARPE PLLC**
**Ballantyne One**
**15720 Brixham Hill Avenue, Suite 300**
**Charlotte, NC 28277**

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:  **Stephen Williamson**
     **VAN WINKLE, BUCK, WALL, STARNES AND**
     **DAVIS, P.A.**
     **Po Box 7376**
     **Asheville, NC 28802**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Virginia C. Beemer**<br>**1520 Newfound Hollow Drive**<br>**Charlotte, NC 28214** | From: **Charlotte District Office**<br>**129 W. Trade Street**<br>**Suite 400**<br>**Charlotte, NC 28202** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **430-2020-01862** | **Courtney Lovett,**<br>**Investigator** | **(980) 296-1279** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Veronica D. Hough** Digitally signed by Veronica D. Hough
Date: 2021.10.27 07:59:15 -04'00'

**Thomas M. Colclough,**
**District Director**

*(Date Issued)*

Enclosures(s)

cc:
| | |
|---|---|
| **David Grossman**<br>**Regional Manager**<br>**SOUTHERN CONCRETE MATERIALS**<br>**35 Meadow Road**<br>**Asheville, NC 28803** | **Jenny L. Sharpe**<br>**J SHARPE PLLC**<br>**Ballantyne One**<br>**15720 Brixham Hill Avenue, Suite 300**<br>**Charlotte, NC 28277** |

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:    **Stephen Williamson**
**Van Winkle Law Firm**
**11 North Market Street**
**Asheville, NC 28801**