IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-069-RJC-DCK

| VIRGINIA CLARE BEEMER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| SOUTHERN CONCRETE MATERIALS, INC., | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Enforce Subpoena Duces Tecum To Stevenson Weir/Southern LLC" (Document No. 12). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion in part.

## BACKGROUND

Virginia Clare Beemer ("Plaintiff" or "Beemer") initiated this action with the filing of a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, on January 18, 2022. (Document No. 1-1, pp. 6-20). The Complaint alleges that Southern Concrete Materials, Inc. ("Defendant" or "SCM") "subjected [Plaintiff] to unmitigated sexual harassment and disparate treatment based upon her sex and, subsequently, terminated her employment as dispatcher at its Charlotte, North Carolina facility on October 14, 2020." (Document No. 1-1, p. 6).

Plaintiff contends that her mistreatment by fellow employees began in early 2018, and continued through July 2020. (Document No. 1-1, pp. 8-13). Plaintiff was terminated on October 14, 2020, "for alleged 'rudeness to customers/co-workers' and for allegedly creating a 'hostile

work environment.'"  (Document No. 1-1, p. 13).  The Complaint asserts claims for:  (1) sexual harassment/sex discrimination;  (2) retaliation;  and (3) wrongful discharge in violation of public policy.  (Document No. 1-1, pp. 15-19).

Defendant filed a "Notice Of Removal" with this Court on February 21, 2022.  (Document No. 1).  Defendant then filed its "Answer…" (Document No. 2) on February 28, 2020.

On March 23, 2022, a "Pretrial Order And Case Management Plan" was filed that, *inter alia*, includes the following case deadlines:  discovery completion – January 31, 2023;  mediation – TBD;  dispositive motions – March 7, 2023;  and trial – July 3, 2023.  (Document No. 5).

On December 15, 2022, the undersigned granted Plaintiff's "Consent Motion For Allowance Of Two Additional Depositions" (Document No. 14).

Now pending is "Plaintiff's Motion To Enforce Subpoena Duces Tecum To Stevenson Weir/Southern LLC" (Document No. 12) filed on December 2, 2022.  The "…Motion To Enforce Subpoena…" has been fully briefed and is ripe for review and disposition.  See (Document Nos. 12, 13, 17, and 18).

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

A court may quash a subpoena that "subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iv). "[A]ny request under Rule 45 must fall within the scope of Rule 26(b)." Tharrington v. Armor Corr. Health Care, 2020 WL 5834417, at *2 (E.D.Va. Sept. 30, 2020).

## DISCUSSION

"Plaintiff's Motion To Enforce Subpoena…" seeks an Order "compelling the production of documents relevant to this action" from "Defendant's affiliate Stevenson Weir/Southern, LLC." (Document No. 12, p. 1); see also (Document No. 12-1). The "Subpoena…" (Document No. 12-1) was served on Stevenson Weir/Southern, LLC ("SWS") on or about October 26, 2022. (Document No. 12, p. 2; Document No. 12-1, pp. 6-8). The Subpoena seeks: (1) all documents maintained by SWS pertaining to the employment of eighteen (18) named employees; and (2) all documents maintained by SWS pertaining to "the employment of each female employee of Southern Concrete Materials, Inc. (Charlotte East Division) acquired by you as a result of the merger between Stevenson-Weir and Southern Concrete Materials, Inc. during August, 2021." (Document No. 12-1, pp. 4-5).

Plaintiff contends that SWS "is a joint venture between the Defendant, Southern Concrete Materials, Inc. and another concrete company, Stevenson Weir, Inc." (Document No. 12, p. 1).

> As part of the creation of SWS, many of Ms. Beemer's co-workers – including many of the individuals whom she claims sexually harassed and retaliated against her while she was employed by Defendant's Charlotte Division – became employees of SWS shortly after Ms. Beemer was fired. Ms. Beemer contends that but for Defendant's unlawful decision to terminate her employment, she, too, would have been hired by SWS or retained by Defendant, just like her male counterparts.

Id.

3

Plaintiff contends that "Defendant retained some ownership stake in the new entity," and that, "as of August 22, 2021, most of the employees working at Defendant's Charlotte plant where Ms. Beemer worked were transferred and began working as employees of SWS." (Document No. 13, pp. 2-3).

Plaintiff notes that in response to the Subpoena, SWS served objections pursuant to Rule 45(d)(2)(B) on November 14, 2022. (Document No. 13, p. 3). SWS objected to producing personnel files not relevant to the issues in this litigation and asserted that gathering the requested information would be unduly burdensome. Id. Plaintiff argues that SWS's objections are insufficient to show that it is unduly burdened by producing personnel files for approximately 15 male employees, and up to 10 female employees. (Document No. 13, pp. 4-5).

Plaintiff further argues that the requested information is relevant and proportional to the needs of this case to "elicit comparator evidence" and "evidence of an ongoing pattern of disparate treatment by Defendant." (Document No. 13, p. 5). Plaintiff also asserts that she anticipates Defendant will argue that her back pay ceases to accrue after August 22, 2021, when SWS acquired operational control over Defendant's Charlotte division. Id. Plaintiff explains that she needs the requested personnel information to establish the back pay she is entitled to and that the pay records will show the amount she would have earned if she had not been fired. (Document No. 14, p. 6).

In response to Plaintiff's motion, SWS first explains that Stevenson Weir/Southern, LLC ("SWS") "is not an 'affiliate' of Southern Concrete Materials, Inc." ("SCM"). (Document No. 17, p. 1). SWS contends it is a "joint venture," "not a merger of two entities and as such there is no successor liability as to SWS." Id.

SWS then argues that "Plaintiff has failed to adequately address how information from an entity that was formed almost a year after Plaintiff was terminated by Defendant on October 1[4],

4

2020, is relevant to this action." (Document No. 17, p. 2). SWS contends that employment records for periods of time after Plaintiff's termination, from an entity she never worked for, are not relevant. Id.

SWS later notes that Plaintiff asserts the Subpoena only "seeks a handful of personnel documents," but that the Subpoena actually requests "a long litany of documents: 'all documents maintained by [SWS] which pertain to the employment of the following individuals….'" (Document No. 17, p. 3) (quoting Document No. 13, p. 4 and Document No. 12-1, pp. 4-5). According to SWS, it would take approximately 36 hours to gather the requested information and would cost the company around $2,271.60 to pay its employee to do that work. (Document No. 17, p. 4); see also (Document No. 17-1).

In addition, SWS contends that the requested information appears to be available from Defendant SCM, and may have already been provided to SWS. Id. SWS concludes that the request information is not relevant to this matter and would be unduly burdensome for a non-party to produce. (Document No. 17, pp. 4-5).

In reply, Plaintiff argues that the arguments of SWS should be rejected. (Document No. 18). Plaintiff contends her Subpoena is relevant because it "seeks to 'complete the picture' of the employment history of her harassers, her comparators, and the witnesses identified by both parties following the merger." (Document No. 18, p. 2).

Plaintiff further argues that the requested information is relevant because the Complaint alleges that "Defendant's actions and omissions have caused her to sustain 'present and future pecuniary losses, including but not limited to loss of wages and other benefits.'" (Document No. 18, p. 3) (citing Document No. 1, ¶¶ 41, 49, and 55). Plaintiff acknowledges that she has received some personnel file information from Defendant, but asserts that the information she seeks through

5

the Subpoena is only available from SWS. (Document No. 18, p. 4). Plaintiff contends that without information from SWS, "she has no other comparative basis for calculating her back and front pay beyond August 22, 2021." Id.

Next, Plaintiff argues that her Subpoena is proportional to the needs of the case and not overly burdensome. (Document No. 18, p. 5). She suggests that SWS is over-estimating the time and expense required to respond to the Subpoena. Id.

The undersigned finds that the issue before the Court presents somewhat of a close call, and that the Subpoena should be modified instead of enforced in full.

SWS makes a persuasive point that it was not formed until about a year *after* the alleged misconduct supporting Plaintiff's Complaint. Moreover, the claims in this lawsuit are specific to the acts and/or omissions of Defendant SCM and its employees between early 2018, and October 14, 2020. The undersigned agrees that the exhaustive records sought by Plaintiff, beginning in August 2021, are mostly irrelevant to her claims in this lawsuit and are unduly burdensome for a non-party to produce.

However, noting that Defendant is an affiliate, part of the "joint venture," and/or a partner with SWS, and further noting the Plaintiff makes a compelling argument that her alleged pecuniary losses entitle her to some information about the ongoing wages and benefits of her former co-workers, the undersigned will grant the motion in part. In short, the undersigned is persuaded that the financial information the Subpoena seeks regarding former employees of Defendant SCM, who later worked for SWS, is discoverable and that its production is consistent with Fed.R.Civ.P. 26 and 45.[1]

---

[1] If the existing "Consent Protective Order" (Document No. 11) does not adequately protect the confidentiality of the information to be produced, the parties may file a proposed revised Protective Order or addendum.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Enforce Subpoena Duces Tecum To Stevenson Weir/Southern LLC" (Document No. 12) is **GRANTED in part** as follows: Stevenson Weir/Southern, LLC ("SWS") shall provide copies of the W-2s and other wage and benefit and/or payroll information – for the time period August 2021 through December 2022 – for any employees previously employed by Defendant Southern Concrete materials, Inc., by **February 7, 2023**. The requests for fees and costs by both sides in this dispute are **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a Notice identifying their mediator on or before **February 10, 2023**; and file a Mediation Report on or before **March 1, 2023**.

**SO ORDERED**.

Signed: January 26, 2023

David C. Keesler
United States Magistrate Judge